UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 3 0 2014 ★
BROOKLYN OFFICE

------------------------------------------------------------------x

J & J SPORTS PRODUCTIONS, INC.,

                Plaintiff,

    -against-

OL ENTERPRISES, INC., d/b/a Couples Bar & Grill,
and ORIN N. LOVELL,

                Defendants.

------------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
13-CV-4298 (CBA) (MDG)

AMON, Chief United States District Judge.

On July 30, 2013, plaintiff J & J Sports Productions, Inc. ("J & J Sports"), filed this action against defendants OL Enterprises, Inc. ("OL Enterprises"), and Orin N. Lovell, as "officer, director, shareholder, and/or principal" of OL Enterprises (collectively "defendants"). J & J Sports alleges that, on September 17, 2011, OL Enterprises intercepted a pay-per-view boxing match and broadcast it in the Brooklyn, N.Y., bar it operated. (Complaint ("Compl.") at ¶¶ 14-18.) Plaintiff avers further that it owned the rights to license the broadcast in New York and that OL Enterprises did not pay the licensing fee required to show the match, in violation of the Communications Act of 1934. (Compl. at ¶¶ 1, 7-14.) In addition, plaintiff claims Lovell is vicariously liable for the illegal interception and broadcast, given his position within OL Enterprises. (Compl. at ¶ 5.)

Defendants did not respond to the complaint, and on January 16, 2014, at the request of J & J Sports, the clerk of the court entered default against defendants. (Docket Entry ("D.E.") 7.) On January 31, 2014, J & J Sports moved for a default judgment against defendants, seeking: (1) statutory damages totaling $20,000, pursuant to 47 U.S.C. § 553(c)(3)(A)(ii) and 47 U.S.C. § 605(e)(3)(C)(i)(II), or alternatively, actual damages—trebled due to defendants' allegedly willful

1

violation of the Communications Act—of $15,402.45, pursuant to 47 U.S.C. §§ 553(c)(3)(A)(i),

(B) or 47 U.S.C. §§ 605(e)(3)(C)(i)(I), (ii); (2) costs in the amount of $520, pursuant to 47

U.S.C. § 605(e)(3)(B)(iii) or 47 U.S.C. § 553(c)(2)(C); and (3) $3,234.51 in pre-judgment

interest, calculated at a rate of 9% from September 17, 2011, the date of the unauthorized

screening. (Plaintiff's Memorandum of Law in Support of Request for Judgment by Default at 7-

18.)[1] The Court referred the matter to Magistrate Judge Marilyn D. Go for report and

recommendation.

On September 11, 2014, Magistrate Judge Go issued a Report and Recommendation

("R&R") recommending that the Court: (1) enter a default judgment against defendants; (2)

award defendants $2,200 in statutory damages, $6,600 in enhanced damages for willful violation

of the Communications Act, and $520 in costs—totaling $9,320—and (3) deny plaintiff's request

for pre-judgment interest. (D.E. 15.)

No party has objected to the R&R, and the time for doing so has passed. When deciding

whether to adopt an R&R, a district court "may accept, reject, or modify, in whole or in part, the

findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept

those portions of the R&R to which no party has timely objected, "a district court need only

satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund,

L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks omitted). The Court

---

[1] Plaintiff's Request to Enter Default Judgment asks the Court to enter default judgment against "defendants La Nueva Perlita Restaurant Bar Corp. d/b/a Perlita Restaurant & Bar and Francisco Campos . . . ." (D.E. 8-1.) However, the accompanying Affidavit for Judgment by Default, Statement of Damages, Proposed Default Judgment Order, and Certificate of Service all refer to the defendants in this case, OL Enterprises and Lovell. (D.E. 8-2-7.) The same is true of all other filings in this case. Therefore, the Court assumes the reference to La Nueva Perlita Restaurant Bar Corp. and Campos is merely a typographical error. See Reliance Commc'ns LLC v. Retail Store Ventures, Inc., No. 12-cv-2067, 2013 WL 4039378, at *1 n.2 (E.D.N.Y. Aug. 7, 2013) (correcting single reference to wrong party in complaint as a presumed typographical error); see also Yan v. Bocar, No. 04-cv-4194, 2005 WL 3005338, at *6 (S.D.N.Y. Sept. 30, 2005) (A "proof reading oversight or typographical error . . . does not control the disposition of the current motion.").

has reviewed the record and, finding no clear error, hereby adopts Magistrate Judge Go's R&R

as the opinion of the Court. The Clerk of Court is directed to enter judgment and close the case.

SO ORDERED.

s/Carol Bagley Amon

Dated: Brooklyn, New York
     September 30 , 2014

Carol Bagley Amon
Chief United States District Judge